IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COPPEDGE,<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 23-2580 |

### ORDER

**AND NOW**, this **8th** day of **August 2023**, upon consideration of Plaintiff James Coppedge's Motion seeking a restraining order (ECF 6), it is **ORDERED** that the Motion (ECF 6) is **DENIED**.[1]

It is **FURTHER ORDERED** that because there is no operative pleading, and because any further amendment would be futile, this case is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).[2] The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

[1] Coppedge "must abide by the same rules that apply to all other litigants" even though he is representing himself. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Nevertheless, Coppedge seeks relief when this matter has no operative Complaint. The Court struck his initial Complaint and he did not comply with the Court's Order requiring him to file an Amended Complaint on or before Friday, August 4. (*See* ECF 5.) Even if there were an operative pleading, his 105-page motion seeking a restraining order to contest alleged "Unlawful Double Book Entries" has no legal basis and does not comply with the Court's policies or Local Rules. Like other filings Coppedge has made in this Court and elsewhere, his motion is patently frivolous and provides no basis for the relief he seeks.

As Coppedge is well aware, the Third Circuit has characterized claims like the ones he has put forth in this matter as being brought under a "Redemptionist" theory—"an *indefensible* tactic used by debtors attempting to avoid repayment of their debts . . . ." *Coppedge v. PNC Bank*, No. 18-2123, 2018 WL 10811876, at *1 n.1 (E.D. Pa. Nov. 21, 2018) (emphasis added) (citing *Monroe v. Beard*,

536 F.3d 198, 203 n.4 (3d Cir. 2008)). Even so, he again seeks relief based on the beliefs of the "Sovereign Citizen" movement, whose members "employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011); *see* Jessica K. Phillips, *Not All Pro Se Litigants are Created Equally: Examining the Need for New Pro Se Litigant Classifications Through the Lens of the Sovereign Citizen Movement*, 29 Geo. J. Legal Ethics 1221, 1228 (2016) ("Through frivolous filings, false liens, and a variety of other tactics designed to take advantage of the leniency afforded to pro se litigants by the judicial system, Sovereign Citizen pro se litigants compound the already ballooning federal and state court backlogs." (internal footnote omitted)); *see also Coppedge v. City of Phila.*, Civ. A. No. 23-2291, ECF 13 n.1 (E.D. Pa. Aug. 7, 2023). As the Court has already made clear (*see* ECF 5), Coppedge's claim that "all Taxes and Liens were discharged by Private Negotiable Debt Instruments through the DEPARTMENT OF THE TREASURY" on his behalf, "pursuant to HJR-192" (ECF 6 at 1) is "equal parts revisionist legal history and conspiracy theory." *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758, 759 n.9 (W.D. Va. 2007); *see also Roach v. Arrisi*, No. 15-2547, 2016 WL 8943290 at *2 (M.D. Fla. Jan. 7, 2016) (noting that sovereign citizen theories are "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars" and have been consistently rejected) (citation omitted); *Muhammad v. Smith*, No. 13-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 214 (D. Conn. 2010) (collecting cases that "universally and emphatically" reject claims under the Redemptionist theory). The Court has no obligation to consider Coppedge's spurious request for relief.

[2]     Coppedge was warned he would not be granted further leave to amend his now-dismissed Complaint if he continued to file pleadings seeking relief under the Redemptionist theory. (ECF 5 at 3 n.1.) Undeterred, he again moved for a restraining order based on the same fallacious and delusive ideology. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss a suit *sua sponte* for failure to prosecute or based on failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (holding that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process").

When deciding whether dismissal is a proper sanction, courts typically balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). No *Poulis* factor "is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a

complaint for lack of prosecution." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 131-32 (3d Cir. 2019). Balancing the *Poulis* factors is unnecessary when a litigant's conduct "makes adjudication of [the] case impossible." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (citing *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)).

Coppedge's misguided Motion, considered together with his other interactions with this Court and others, makes it obvious that he will not remedy his baseless Redemptionist-theory claims if granted further leave to amend. This case merely continues his abundant history of noncompliance with the Federal Rules of Civil Procedure. *See, e.g., Coppedge v. US Bank Nat'l Ass'n,* No. 12-51, 2014 WL 3828384, at *4 (D. Del. July 30, 2014) (finding, *inter alia*, that Coppedge "had not properly served the Defendant," under Rule 4(m) and that he "did not make an effort to remedy the error"); *Coppedge v. Deutsche Bank Nat. Tr. Co.*, No. 12-3268, 2013 WL 1827584, at *3 (E.D. Pa. May 1, 2013) (denying leave to amend because Coppedge's "pleadings d[id] not include any allegations suggesting that Coppedge could conceivably establish subject matter jurisdiction or a claim upon which relief could be granted"); *Coppedge v. Litzkow,* No. 09-787, 2010 WL 11711837, at *3 (D. Del. June 17, 2010) ("Given his dismissive attitude towards court rules and orders in the past, the court finds it unlikely that further warnings will deter him in the future."). Dismissal of an action "is a drastic sanction," but it is appropriate here. *Poulis*, 747 F.2d at 866. To hold otherwise would undermine the purpose of the Federal Rules of Civil Procedure: "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The Court again warns Coppedge that if he continues to make similar ill-considered and time-wasting claims, he can be subjected to appropriate restrictions on his access to filing under the All Writs Act, 28 U.S.C. § 1651(a), which allows a district court to enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). (*See* ECF 5; *see also Coppedge v. City of Phila.*, Civ. A. No. 23-2291, ECF 6 n.1 (E.D. Pa. Aug. 7, 2023).) The Court will have no choice but to consider whether to use its inherent power to impose a pre-filing injunction as "an appropriate sanction for conduct which abuses the judicial process" if Coppedge files more Redemptionist-theory-gobbledygook with the Court—on this docket or elsewhere. *Chambers*, 501 U.S. at 44-45. Moreover, Coppedge would be well advised to direct his funds towards any debts he owes to the City of Philadelphia or anyone else before paying court filing fees to pursue any more specious litigation.